LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>BACHI BURGER, L.L.C.,<br><br>Debtor. | Case No.: BK-S-18-16584-abl<br>Chapter 11<br>(Jointly Administered) |
|---|---|
| In re:<br><br>GREEN REVOLUTIONS LLC,<br><br>Debtor. | Case No.: BK-S-18-16584-btb<br>Chapter 11<br><br>Date:  December 5, 2018<br>Time:  1:30 p.m. |

**APPLICATION FOR ORDER APPROVING THE EMPLOYMENT**
**OF SHUMWAY VAN AS SPECIAL LITIGATION COUNSEL TO**
**DEBTORS <u>*NUNC PRO TUNC*</u> TO THE PETITION DATE**

Bachi Burger, L.L.C., a Nevada limited liability company ("<u>Bachi Burger</u>"), and Green Revolutions LLC, a Nevada limited liability company ("<u>Green Revolutions</u>" and together with Bachi Burger, the "<u>Debtors</u>"), debtors and debtors-in-possession, submit their application (the "<u>Application</u>") requesting court approval pursuant to section 327(e) and 328 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") to employ the law firm of Shumway Van ("<u>Shumway Van</u>") *nunc pro tunc* to the Petition Date (as hereinafter defined) as their special litigation counsel. This Application is made and based on the points and authorities herein, the

*Declaration of Michael Van, Esq.* (the "Van Declaration") filed in support, the papers and pleadings on file herein, judicial notice of which are respectfully requested, and any arguments of counsel made at any hearings on the Application.

## Introduction

1. Bachi Burger owns and operates the Bachi Burger restaurant located at 9410 W. Sahara Avenue, Suite 150, Las Vegas, Nevada, and Green Revolutions owns and operates the Bachi Burger restaurant located at 470 E. Windmill Lane, Suite 100, Las Vegas, Nevada. Both restaurants (the "Businesses") specialize in Asian-style gourmet burgers and sides. The Businesses are managed by Lorin Watada, who is the Debtors' managing member.

2. On November 1, 2018 (the "Petition Date"), Debtors filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing their bankruptcy cases (the "Chapter 11 Cases"). Debtors are authorized to operate their Businesses and property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have also indicated on their *Voluntary Petitions* that they are small business debtors pursuant to section 101(51D) of the Bankruptcy Code. Additional information regarding the Debtors' businesses is contained in the *Omnibus Declaration of Lorin Watada in Support of Debtors' Initial Emergency Motions and Other Relief*.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, Debtors consent to the entry of final orders and judgments by the bankruptcy judge if it is determined that the bankruptcy judge, absent the consent of the parties, cannot enter final orders or judgments in this matter consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

**Relief Requested**

4.      Debtors seek court approval pursuant to sections 327(e) and 328 of the Bankruptcy Code to employ and retain Shumway Van *nunc pro tunc* to the Petition Date as their special litigation counsel and pursuant to the terms and conditions of a Contingency Fee Agreement as described herein.

**Retention**

5.      On October 23, 2018, Shumway Van entered into a Contingency Fee Agreement (the "Contingency Fee Agreement") with Debtors, a true and correct copy of which is attached to the Van Declaration as **Exhibit 1**. The Contingency Fee Agreement provides that Shumway Van will receive as compensation 50% of all amounts received by way of settlement, judgment, or otherwise. In addition, Shumway Van shall advance all costs of the litigation including expenses of representation, investigation and preparation of the case. Once any litigation is completed, all costs will be paid from the proceeds. If the Debtors do not prevail in any litigation, Shumway Van will not receive any reimbursement for costs.

6.      Debtors selected Shumway Van as their special counsel because of the firm's longstanding representation of the Debtors pre-petition, the law firm's historical knowledge of the facts and circumstances involved in the proposed litigation, and that Shumway Van was willing to engage in such representation pursuant to the terms and conditions of the Contingency Fee Agreement, which has substantially favorable terms that the Debtors likely cannot obtain from any other professional.

**Scope of Services**

7.      Shumway Van's services are appropriate and necessary in order for the Debtors to maximize the value of their estates. Indeed, Debtors anticipate that the litigation recoveries that Shumway Van may generate will contribute to the funding of the Debtors' operations and funding of its chapter 11 plan of reorganization. Among potential other litigations that Shumway Van may commence on behalf of the Debtors include collection litigation against a so-called "debt solutions company" who claims to have represented the Debtors pre-petition with respect to the negotiation of its outstanding tax liabilities, but which company actually proved to

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

be utterly inexperienced and incompetent, thus costing the Debtors a substantial amount of time and money, as whose professional negligence substantially contributed to the Debtors' need to seek bankruptcy relief.

8.  Shumway Van may also be involved in the litigation of other matters for the benefit of the Debtors' estates, including but not necessarily limited to litigation against one of the prior owners of the business, whose actions and mismanagement were largely responsible for the large outstanding tax claims, which are one of the principal reasons the Debtors needed to seek bankruptcy relief.  Finally, Shumway Van may assist general reorganization counsel with respect to the potential review and/or litigation of certain aspects of the tax claims involved in the case given their prior involvement in such matters pre-petition.  Shumway Van will work closely with the Debtors' proposed general reorganization counsel at Larson Zirzow & Kaplan, LLC to avoid any duplication of services, and so as to minimize whenever possible the overall costs and expenses to the estate as a result of the various professionals involved.

9.  Subject to this Court's approval of the Application, Shumway Van is willing to serve as Debtors' special litigation counsel, subject to the terms and conditions of the Contingency Fee Agreement.

### No Adverse Interest

10.  Section 327(e) of the Bankruptcy Code authorizes a trustee, with court approval, to hire an attorney for a "specified special purpose," and other than to represent the trustee in conducting the case, if the attorney does not represent or hold an interest adverse to the debtor or estate "with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).  Pursuant to section 327(e) of the Bankruptcy Code, an attorney who previously represented the debtor or who has a claim against the debtor is not precluded from employment as special counsel, provided the attorney's interests are not adverse to the debtor or the estate as to the specified matters on which it is proposed to be retained.  See Film Ventures Int'l, Inc. v. Asher (In re Film Ventures Int'l, Inc.), 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987); Fondiller v. Robertson (In re Fondiller), 15 B.R. 890, 891-893 (B.A.P. 9th Cir. 1981).

11.  Pursuant to section 327(e) of the Bankruptcy Code, to the best of its knowledge,

4

Shumway Van and its attorneys do not hold or represent any interest adverse to Debtors' estates with respect to the specified matters on which it is to be employed.

12. Pursuant to Fed. R. Bankr. P. 2014(a), Shumway Van discloses that it has a pre-petition connection to the Debtors given its longstanding representation of them pre-petition in their various business and corporate affairs, however, neither the firm nor any attorney thereof has any present or prior connection with Debtors' creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

### **Compensation**

13. Pursuant to the proposed Contingency Fee Agreement attached to the Van Declaration, the services provided by Shumway Van will be on a contingency basis of 50% of any net amounts recovered, and after all costs have been paid. In other words, the Debtors will not incur any out of pocket costs unless and until Shumway Van actually recovers an amount for the benefit of the Debtors and their estates.

14. Debtors understand that Shumway Van hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses; *provided*, *however*, that its fees for compensation shall be subject to review under section 328(a) of the Bankruptcy Code, and not pursuant to section 330 of the Bankruptcy Code. Shumway Van's expenses shall be subject to review pursuant to section 330. Shumway Van understands that its compensation is subject to prior Court approval.

. . .

. . .

. . .

## Conclusion

WHEREFORE, Debtors respectfully request entry of an order in the form attached hereto as **Exhibit 1** thereby authorizing the employment of Shumway Van as their special litigation counsel to render the legal services described herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by the Court pursuant to the provisions of section 328(a) of the Bankruptcy Code, and with such approval being granted *nunc pro tunc* to the Petition Date. Debtors also request such other and further relief as is jus and proper.

Dated: November 5, 2018.

| Accepted and Agreed: | Prepared and Submitted: |
|---|---|
| By: /s/ Michael Van | By: /s/ Matthew C. Zirzow |
| SHUMWAY VAN | LARSON ZIRZOW & KAPLAN, LLC |
| MICHAEL VAN, ESQ. | ZACHARIAH LARSON, ESQ. |
| Nevada Bar No. 3876 | Nevada Bar No. 7787 |
| E-mail: michael@shumwayvan.com | E-mail: zlarson@lzklegal.com |
| Elizabeth Aronson, Esq. | MATTHEW C. ZIRZOW, ESQ. |
| Nevada Bar No. 14472 | Nevada Bar No. 7222 |
| E-mail: earonson@shumwayvan.com | E-mail: mzirzow@lzklegal.com |
| 8985 S. Eastern Ave., Suite 100 | 850 E. Bonneville Ave. |
| Las Vegas, Nevada 89123 | Las Vegas, Nevada 89101 |
| Proposed Special Counsel to Debtors | Proposed Attorneys for Debtors |