LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
Proposed Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Case No.: BK-S-18-16584-abl |
|---|---|
| BACHI BURGER, L.L.C., | Chapter 11 |
| Debtor. | (Jointly Administered) |
| In re: | Case No.: BK-S-18-16585-btb |
| GREEN REVOLUTIONS LLC, | Chapter 11 |
| Debtor. | Date:   December 5, 2018<br>Time:   1:30 p.m. |

*AMENDED[1] DECLARATION OF MICHAEL VAN ESQ. IN SUPPORT OF APPLICATION FOR ORDER APPROVING THE EMPLOYMENT OF SHUMWAY VAN AS SPECIAL LITIGATION COUNSEL TO DEBTORS <u>NUNC PRO TUNC TO THE PETITION DATE</u>*

I, Michael Van, Esq., hereby declare as follows:

1.      I am over the age of 18 and am mentally competent. I have personal knowledge of the facts in this matter and if called upon to testify, could and would do so. I make this declaration in support of the *Application for Order Approving the Employment of Shumway Van as Special Litigation Counsel to Debtors Nunc Pro Tunc to the Petition Date* (the

---

[1] This Declaration is being Amended to reflect the correct case number of the co-Debtor, Green Revolutions LLC.

1

"Application").[2]  Unless otherwise indicated, all capitalized terms herein shall have the same meaning as ascribed to them in the Application.

2. I am an attorney licensed to practice law in the State of Nevada, and am admitted to practice law before the courts of Nevada.  I am a shareholder with the Shumway Van ("Shumway Van"), which maintains offices at 8985 S. Eastern Avenue, Suite 100, Las Vegas, Nevada 89123.

**Relief Requested**

3. Debtors seek court approval pursuant to sections 327(e) and 328 of the Bankruptcy Code to employ and retain Shumway Van *nunc pro tunc* to the Petition Date as their special litigation counsel and pursuant to the terms and conditions of a Contingency Fee Agreement as described herein.

**Retention**

4. On October 23, 2018, Shumway Van entered into a Contingency Fee Agreement (the "Contingency Fee Agreement") with Debtors, a true and correct copy of which is attached as **Exhibit 1**.  The Contingency Fee Agreement provides that Shumway Van will receive as compensation 50% of all amounts received by way of settlement, judgment, or otherwise.  In addition, Shumway Van shall advance all costs of the litigation including expenses of representation, investigation and preparation of the case.  Once any litigation is completed, all costs will be paid from the proceeds.  If the Debtors do not prevail in any litigation, Shumway Van will not receive any reimbursement for costs.

5. Debtors selected Shumway Van as their special counsel because of the firm's longstanding representation of the Debtors pre-petition, the law firm's historical knowledge of the facts and circumstances involved in the proposed litigation, and that Shumway Van was willing to engage in such representation pursuant to the terms and conditions of the Contingency Fee Agreement, which has substantially favorable terms that the Debtors likely cannot obtain from any other professional.

---

[2] Unless otherwise indicated, all capitalized terms shall have the same meaning as set forth in the Application.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

**Scope of Services**

6. Shumway Van's services are appropriate and necessary in order for the Debtors to maximize the value of their estates. Indeed, Debtors anticipate that the litigation recoveries that Shumway Van may generate will contribute to the funding of the Debtors' operations and funding of its chapter 11 plan of reorganization. Among potential other litigations that Shumway Van may commence on behalf of the Debtors include collection litigation against a so-called "debt solutions company" who claims to have represented the Debtors pre-petition with respect to the negotiation of its outstanding tax liabilities, but which company actually proved to be utterly inexperienced and incompetent, thus costing the Debtors a substantial amount of time and money, as whose professional negligence substantially contributed to the Debtors' need to seek bankruptcy relief.

7. Shumway Van may also be involved in the litigation of other matters for the benefit of the Debtors' estates, including but not necessarily limited to litigation against one of the prior owners of the business, whose actions and mismanagement were largely responsible for the large outstanding tax claims, which are one of the principal reasons the Debtors needed to seek bankruptcy relief. Finally, Shumway Van may assist general reorganization counsel with respect to the potential review and/or litigation of certain aspects of the tax claims involved in the case given their prior involvement in such matters pre-petition. Shumway Van will work closely with the Debtors' proposed general reorganization counsel at Larson Zirzow & Kaplan, LLC to avoid any duplication of services, and so as to minimize whenever possible the overall costs and expenses to the estate as a result of the various professionals involved.

8. Subject to this Court's approval of the Application, Shumway Van is willing to serve as Debtors' special litigation counsel, subject to the terms and conditions of the Contingency Fee Agreement.

**No Adverse Interest**

9. Pursuant to section 327(e) of the Bankruptcy Code, to the best of its knowledge, Shumway Van and its attorneys do not hold or represent any interest adverse to Debtors' estates with respect to the specified matters on which it is to be employed.

3

10. Pursuant to Fed. R. Bankr. P. 2014(a), Shumway Van discloses that it has a pre-petition connection to the Debtors given its longstanding representation of them pre-petition in their various business and corporate affairs, however, neither the firm nor any attorney thereof has any present or prior connection with Debtors' creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

**Compensation**

11. Pursuant to the proposed Contingency Fee Agreement attached to the Van Declaration, the services provided by Shumway Van will be on a contingency basis of 50% of any net amounts recovered, and after all costs have been paid. In other words, the Debtors will not incur any out of pocket costs unless and until Shumway Van actually recovers an amount for the benefit of the Debtors and their estates.

12. Debtors understand that Shumway Van hereafter intends to apply to the Court for allowance of compensation and reimbursement of expenses; *provided*, *however*, that its fees for compensation shall be subject to review under section 328(a) of the Bankruptcy Code, and not pursuant to section 330 of the Bankruptcy Code. Shumway Van's expenses shall be subject to review pursuant to section 330. Shumway Van understands that its compensation is subject to prior Court approval.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED: November 5, 2018.

                                            /s/ Michael Van
                                            MICHAEL VAN

**LARSON ZIRZOW & KAPLAN, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

4