LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>BACHI BURGER, L.L.C.,<br><br>Debtor. | Case No.: BK-S-18-16584-abl<br>Chapter 11<br>(Joint Administration Pending) |
| In re:<br><br>GREEN REVOLUTIONS LLC,<br><br>Debtor. | Case No.: BK-S-18-16585-btb<br>Chapter 11<br><br>Date:  OST PENDING<br>Time:  OST PENDING |

**EMERGENCY MOTION FOR ORDER:  (I) AUTHORIZING DEBTORS TO PAY WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES, AND OTHER EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

Bachi Burger, L.L.C., a Nevada limited liability company ("Bachi Burger"), and Green Revolutions LLC, a Nevada limited liability company ("Green Revolutions" and together with Bachi, the "Debtors"), debtors and debtors-in-possession, hereby respectfully represent:

. . .

. . .

. . .

**Background**

1. Bachi Burger owns and operates the Bachi Burger restaurant located at 9410 W. Sahara Avenue, Suite 150, Las Vegas, Nevada, and Green Revolutions owns and operates the Bachi Burger restaurant located at 470 E. Windmill Lane, Suite 100, Las Vegas, Nevada. Both restaurants (the "Businesses") specialize in Asian-style gourmet burgers and sides. The Business are managed by Lorin Watada, the Debtors' managing member.

2. On November 1, 2018 (the "Petition Date"), Debtors filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing their bankruptcy cases (the "Chapter 11 Cases"). Debtors are authorized to operate their Businesses and property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor have also indicated on their *Voluntary Petitions* that they are small business debtors pursuant to section 101(51D) of the Bankruptcy Code. Additional information regarding the Debtors' businesses is contained in the *Omnibus Declaration of Lorin Watada in Support of Debtors' Initial Emergency Motions and Other Relief* (the "Omnibus Declaration").

**Jurisdiction and Venue**

3. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, Debtors consent to the entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a). No official committees have been formed in the case to date.

**Relief Requested**

4. As of the Petition Date, the Debtors collectively employ approximately 35 hourly employees and 3 salaried employees (the "Employees") in the ordinary course of their businesses whose continued services are vital to Debtors' ongoing operations and reorganization efforts. As of the Petition Date, the Employees were owed or had accrued in their favor, various sums for wages and salaries incurred in the ordinary course of Debtors' businesses, including prepetition compensation (collectively, the "Wage Obligations"). The total estimated amount of Wage

Obligations that will have accrued, but remain unpaid, as of the Petition Date is approximately $17,500.00 for the service employees, and $7,646.00 to management. Debtors pay the Employees on a bi-weekly payroll cycle. The last complete pre-petition payroll period stretched from October 4, 2018 to October 17, 2018. The filing of the Debtors' bankruptcy petitions fell during the payroll period of October 18, 2018 to October 31, 2018.

5.     Debtors are required by law to withhold from the Employees' wages amounts related to federal and state income taxes, as well as social security and Medicare taxes and to remit the same to the appropriate taxing authorities. To the extent that Debtors have deducted funds from the Employees' paychecks sufficient to pay prepetition taxes, withholding taxes and FICA contributions attributable to Wage Obligations, which are due but have not been paid yet to any governmental entity, the Debtors seek authorization to continue to deduct these funds and pay them to such governmental entities in the ordinary course of business.

6.     In addition, Debtors are required to make matching payments from its own funds on account of social security and Medicare taxes, and to pay, based on a percentage of gross payroll (and subject to state-imposed limits), additional amounts to the taxing authorities for, among other things, state and federal unemployment insurance. Debtors also are required to maintain worker's compensation insurance for their Employees, which expense is also as reflected in their cash collateral budgets. Debtors seek authorization to continue to pay these funds in the ordinary course of business.

7.     In the ordinary course of their employment, certain authorized Employees may have used their own personal credit cards or expended their own personal funds on behalf of and for the benefit of Debtors (the "Reimbursable Business Expenses"). The Chapter 11 Cases were filed during Debtors' normal payroll periods for hourly and salaried Employees and during normal reimbursement cycle for Reimbursable Business Expenses. Employees rendered services and incurred Reimbursable Business Expenses in anticipation of receiving their standard compensation and reimbursements; however, as of the Petition Date, such obligations may remain unpaid and unreimbursed. Debtors cannot provide a definitive amount of Reimbursable Business Expenses as of the Petition Date, but based upon prior business practices, would estimate that amount does

not exceed $1,000.00. Debtors seek authorization to pay such Reimbursable Business Expenses in the ordinary course of business.

8. The Wage Obligations to be paid to or for the benefit of each of the Employees will not exceed $12,850.00 per employee, consistent with the cap provided in section 507(a)(4) of the Bankruptcy Code. Further, the only Employee that is an "insider" of the Debtor as defined in section 101(31) of the Bankruptcy Code is Mr. Watada. Mr. Watada works full-time at Bachi Burger and indeed works very long hours nearly every day of the week and his employment there is his principal source of income to survive.

9. If Debtors are unable to take the necessary steps to ensure that wages and taxes are paid for the pay period commencing immediately prior to the Petition Date and concluding post-petition, there is a significant risk that essential Employees will resign and that those Employees that remain will be discontented and demoralized. As such, continued payment of Wage Obligations, Employee Benefit Contributions, and Reimbursable Business Expenses is essential to maintain positive relations between Debtors and their Employees. If the relief requested herein is not granted, the success of Debtor's ongoing business and reorganization will be placed in substantial jeopardy. Thus, the relief requested in the Debtors' Motion is in the best interests of Debtors, their estates, and their creditors.

**Legal Authorities**

10. Sections 105(a) and 363(b) of the Bankruptcy Code, in conjunction with sections 507(a)(4) and 507(a)(5), enable this Court to authorize the Debtors to continue payment of Wage Obligations and Reimbursable Business Expenses. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1). Section 507(a)(4) of the Bankruptcy Code provides, in pertinent part, a fourth priority claim for "allowed unsecured claims, but only to the extent of $12,850 for each individual . . . earned within 180 days before the date of filing of the petition . . . for--(A) wages, salaries, or

4

commissions, including vacation, severance, and sick leave pay earned by an individual[.]" 11 U.S.C. § 507(a)(4).

11. The immediate payment of prepetition wage claims is necessary to retain Debtor's Employees; therefore, such payments are critical to maintaining Debtor's ongoing business and its reorganization efforts. As a result, courts have held that pre-petition wage claims may be payable outside of a plan of reorganization by virtue of their necessity as well as their priority. See Czyzewski v. Jevic Corp., 137 S. Ct. 973, 985-86 (2017) (noting that courts have "approved interim distributions that violate ordinary priority rules. But in such instances one can generally find significant Code-related objectives that the priority-violating distributions serve. Courts, for example, have approved 'first-day' wage orders that allow payment of employees' prepetition wages, . . . . In doing so, these courts have usually found that the distributions at issue would "enable a successful reorganization and make even the disfavored creditors better off.") (citations omitted); In re Adams Apple, Inc., 829 F.2d 1484, 1490 (9th Cir. 1987) (noting that cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, including specifically within the context of pre-petition wages); In re CEI Roofing, Inc., 315 B.R. 50, 61 (Bankr. N.D. Tex. 2004); In re CoServ, L.L.C., 273 B.R. 487, 494 n.10 (Bankr. N.D. Tex. 2002); In re The Colad Group, Inc., 324 B.R. 208, 214 (Bankr. W.D.N.Y. 2005); In re Equalnet Comm. Corp., 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000); In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

12. Further, with respect to payroll taxes in particular, the payment of such taxes will not prejudice other creditors of the Debtor's estate because the relevant taxing authorities generally would hold priority claims under section 507(a)(8) of the Bankruptcy Code with respect to such obligations. Moreover, the portion of the payroll taxes withheld from Employees' wages on behalf of the applicable taxing authority is held in trust by the Debtors. As such, these payroll taxes are not property of the estate pursuant to section 541 of the Bankruptcy Code. See Beiger v. IRS, 496 U.S. 53 (1990).

**Notice**

13. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease

5

of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." In view of the urgency of the relief requested herein and the risk to Debtors' operations if the Debtors cannot pay their Employees, a fourteen-day stay of the relief sought herein is impractical. Accordingly, Debtors request that this Court waive the stay under Bankruptcy Rule 6004(h) and provide in the order granting the relief sought herein that such order shall be effective immediately.

14. Bankruptcy Rule 6003(b) provides "except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before filing of the petition. . . ." As described herein and in the Omnibus Declaration, if the outstanding employee obligations are not satisfied, Debtors will experience immediate and irreparable harm. To ensure Debtors' successful reorganization and maximize value for their creditors, this Court should find that the exception set forth in Bankruptcy Rule 6003 applies here. Given the emergency nature of the relief requested herein, and the potential disruption to Debtors' businesses that will ensue if such relief requested is not granted, Debtors submit that no further notice need be given prior to granting the relief sought herein.

15. In the alternative, to the extent any of the relief requested herein is not granted immediately at the initial hearing on this matter, out of an abundance of caution, the Debtors also request that the Court set a final hearing on any remaining matters on the earliest available date that is more than 21 days after the Petition Date pursuant to Bankruptcy Rule 6003.

**Reservation of Rights**

16. Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity of any claim against Debtors; (ii) a waiver of Debtors' or any party in interest's rights to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment authorized pursuant to the Court's order is not intended and should not be construed as an admission to any claim's validity or a waiver of Debtors' rights to dispute

such claim subsequently.

## Conclusion

WHEREFORE, Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit 1** providing as follows: (A) authorizing, but not requiring, Debtors, in its sole discretion: (i) to pay Wage Obligations to their Employees; (ii) to reimburse Employees for Reimbursable Business Expenses, all in accordance with the existing policies with respect thereto; and (iii) to pay workers' compensation insurance; and (B) authorizing all applicable banks and other financial institutions to receive, process, honor and pay any and all checks related to the foregoing, including specifically those drawn from the Debtors' accounts, whether presented prior to or after the Petition Date, in accordance with the stated policies with regard thereto, provided sufficient funds exist in Debtors' accounts to cover such payments. Debtors also request such other and further relief as is just and proper.

Dated: November 5, 2018.

By:  /s/ Matthew C. Zirzow
LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Proposed Attorneys for Debtors

# **EXHIBIT 1**

LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

Proposed Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: <br><br>BACHI BURGER, L.L.C., <br><br>Debtor. | Case No.: BK-S-18-16584-abl <br>Chapter 11 <br>(Jointly Administered) |
|---|---|
| In re: <br><br>GREEN REVOLUTIONS LLC, <br><br>Debtor. | Case No.: BK-S-18-16585-btb <br>Chapter 11 <br><br>Date: <br>Time: |

**ORDER GRANTING EMERGENCY MOTION:  (I) AUTHORIZING DEBTOR TO PAY WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES, AND OTHER EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

Bachi Burger, L.L.C., a Nevada limited liability company ("Bachi"), and Green Revolutions LLC, a Nevada limited liability company ("GR" and together with Bachi, the "Debtors"), by and through their proposed counsel, Larson Zirzow & Kaplan, LLC, having filed their *Emergency Motion for Order: (I) Authorizing Debtors to Pay Wages, Salaries, Benefits, Reimbursable Business Expenses, and Other Employee Obligations; and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* (the "Motion")[1] [ECF No. ____]; the Motion having come on for hearing before the above-captioned Court; all appearances having been noted on the record; the Court having reviewed the Motion, and the other pleadings on file and having heard and considered the argument of counsel; the Court having stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Fed. R. Bankr. P. 7052 and 9014; it appearing that the relief requested is necessary to preserve Debtors' ongoing operations and to avoid immediate and irreparable harm, and is in the best interests of the Debtors, their estates, and their creditors; and in the light of the circumstances and the emergency nature of the relief requested; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**:

1. The Motion is GRANTED;

2. Debtors are authorized: (i) to pay Wage Obligations to their Employees; (ii) to pay all Reimbursable Business Expenses, all in accordance with the existing policies with respect thereto; and (iii) to pay workers' compensation insurance, *provided, however*, that the payment of Wage Obligations shall not exceed the statutory cap of $12,850.00 per Employee;

3. All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks related to the foregoing, including specifically those drawn from the Debtors' accounts, whether presented prior to or after the Petition Date in

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Motion.

2

accordance with the stated policies with regard thereto, provided sufficient funds exist in Debtor's accounts to cover such payments;

4. The payments authorized by this Order are not exempt from subsequent operation of sections 547, 548, 549 and 550 of the Bankruptcy Code; and

5. Debtors are excepted from the operation of Bankruptcy Rule 6003(b). Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order shall be effective immediately.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

By: __/s/_____
LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Proposed Attorneys for Debtors

### **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### ###

3