CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:   (702) 862-8300
Facsimile:    (702) 862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com

*[Proposed] Counsel for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CREDIT MANAGEMENT ASSOCIATION, INC. | Case No. BK-18-16487-MKN<br>Chapter 11<br><br>**MOTION TO APPROVE EMPLOYMENT OF MACIAS, GINI & O'CONNELL, LLP AS ACCOUNTING PROFESSIONALS FOR DEBTOR**<br><br>Hearing Date: December 5, 2018<br>Hearing Time: 9:30 a.m. |

Debtor, Credit Management Association, Inc. (the "Debtor"), by and through its proposed counsel, the law firm of Clark Hill, PLLC, hereby movies this Court for an Order authorizing the retention and employment of Macias, Gini & O'Connell, LLP as the accounting professionals for Debtor (the "Motion").

This Motion is brought pursuant to Section 327 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In addition, the Motion is supported by the *Declaration of Kenneth L. Goldman, CPA, CGMA in Support of the Motion to Approve the Employment of Macias, Gini & O'Connell, LLP as the Accounting Professionals for the Debtor* (the "Goldman Declaration") submitted concurrently herewith, and the *Omnibus Declaration of Kimberly Lamberty in Support of First Day Motions* (the "Lamberty Declaration") on file herein. Furthermore, the Motion is made and based upon the following memorandum of Points and Authorities, the pleadings and records on

file in this case, of which judicial notice is respectfully requested, and any argument by counsel considered at the time of the hearing on the Motion.

Submitted this 31st day of October, 2018.

CLARK HILL, PLLC

CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169

*[Proposed] Counsel for Debtor in Possession*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Pursuant to Local Rule 9014.2, the Debtor consents to the entry of a final order by a Bankruptcy Judge on this Motion.

3. The statutory predicates for the relief requested in this Motion are Sections 327 and 330 of the Bankruptcy Code, and Bankruptcy Rule 2014.

### II.

### BACKGROUND

4. The Debtor filed its voluntary bankruptcy petition commencing its chapter 11 bankruptcy case on October 31, 2018 (the "Petition Date"). The details of Debtor's business operations are set forth in the Lamberty Declaration filed concurrently herewith.

5. No official committee of unsecured creditors has been formed, and no trustee has been appointed. The Debtor is operating its business, managing its financial affairs, and administering its estate as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. Additional information regarding the Debtor's business, capital structure, and the circumstances leading to the chapter 11 filing is contained in the Lamberty Declaration.

### III.
### RELIEF REQUESTED

7. Prior to the filing of the Bankruptcy Case, Macias, Gini & O'Connell, LLP (the "Firm") was retained by Debtor to handle its accounting matters.

8. The Debtor desires to employ the Firm as its accounting professionals in this Chapter 11 Case. Debtor has worked with the Firm and Kenneth L. Goldman, CPA, CGMA ("Mr. Goldman"), a partner of the Firm, for many years. The Firm and Goldman have invaluable knowledge of the Debtor's finances.

9. Tax Services. Prepetition, the Debtor negotiated and paid a total fee of $17,000 with respect to the preparation of tax returns for the fiscal year ended April 30, 2018 and certain fiscal year ended April 30, 2019 final tax returns. A copy of the Engagement Agreement between Debtor and MGO is attached to the Motion as Exhibit 1. The fee was payable in five (5) installments and all instalments have been paid in full. Pursuant to the regular schedule of payments, $10,750 of that sum was paid within 90 days prior to the Petition Date.

10. Other Services. Any assistance outside of preparation of tax returns shall be billable at the Firm's standard hourly rates, which are between $100.00 per hour for entry-level staff and up to $500.00 per hour for senior partners. Debtor is not indebted to the Firm as of the Petition Date.

11. As stated above, by this Motion the Debtor seeks an order pursuant to Bankruptcy Code § 327(a) authorizing the employment of the Firm to represent Debtor as its accounting professionals in accordance with Firm's normal rates and reimbursement policies set forth above.

### IV.
### RETENTION AND QUALIFICATIONS OF THE FIRM

12. The Debtor determined that the Firm is well qualified to assist the Debtor in its bankruptcy case, taking into account the Firm's reputation, experience, skill level, and cost, as well as its familiarity with Debtor's business.

13. The Debtor believes the Firm possesses the resources and qualifications to provide the tax services needed in an efficient and cost-effective manner. Moreover, the Firm has provided accounting and tax services to the Debtor in the past (including, among other things, filing many of the Debtor's previous tax returns), thus obviating the need for another accounting firm to "get up to speed" and learn the business background, structure, and finances of the Debtor.

14. The Debtor expects Mr. Goldman will be the professional at the Firm primarily responsible for providing accounting services to the Debtor. Mr. Goldman will be assisted by other professionals or staff at the Firm as necessary. Mr. Goldman has provided tax and business consulting services to a wide array of small and medium-sized businesses and their owners. A copy of Mr. Goldman's professional resume is attached hereto as <u>Exhibit 2</u>, and authenticated by the Goldman Declaration filed concurrently herewith.

### IV.

### RETAINER, COMPENSATION, AND PAYMENT OF FEES AND EXPENSES

15. The Firm understands the provisions of 11 U.S.C. §§ 327, 330 and 331, which require, among other things, court approval of the Debtor's employment of the Firm as its accountant. The Firm seeks to be compensated for services and reimbursed for expenses advanced pursuant to 11 U.S.C. §§ 330 and 331. The Firm will submit records of its hourly billing and expenses for court approval and understands that any compensation and reimbursement is contingent upon court approval.

16. The Firm has not shared or agreed to share its compensation for representing the Debtor with any other person or entity.

17. The Firm has not received a retainer from the Debtor.

18. The Firm has not received any lien or other interest in property of the Debtor or of any third party to secure payment of its fees or expenses in the Debtor's case.

19. The Firm will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by the Firm during the previous month.

20. The Firm will bill time for its services to the Debtor on an hourly basis in accordance with the Firm's standard hourly billing rates. The current hourly billing rates for the

Firm are between $100.00 per hour for entry-level staff and up to $500.00 per hour for senior partners.

V.

**DISINTERESTEDNESS**

21. As set forth in the Goldman Declaration, the Firm previously provided accounting services for the Debtor. However, the Firm does not hold any pre-petition claims against the Debtor. The Firm has not received, and has no plan to receive, any lien or other interest in property of the Debtor or of a third party to secure payment of the Firm's fees incurred in the Debtor's case.

22. As set forth in the Goldman Declaration, to the best of the Firm's knowledge, the Firm is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code. Other than the Firm's previous and/or concurrent representation of the Debtor, neither the Firm nor any of its members, professionals or employees have any "connections" with, or hold or represent any interest adverse to the Debtor, any insider of the Debtor, or any other related entities in which the Debtor may have an interest, its creditors, or any party-in-interest in the Debtor's case, the Office of the United States Trustee, or their respective attorneys or accountants.

23. To the best of the Firm's knowledge, the Firm does not hold or represent any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

24. The Firm has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

25. The Firm will maintain time sheets and billing records for any fees incurred by the Firm in connection with its representation of the Debtor, and the Firm will provide monthly billing statements to the Debtor that will set forth the amount of any fees and expenses incurred by the Firm during the previous month.

26. The Firm understands the provisions of Sections 327, 330 and 331 of the Bankruptcy Code which require, among other things, Court approval of the Debtor's employment of the Firm as its accountant and of all fees and reimbursement of expenses that the Firm will

receive from the Debtor and the Debtor's estate. As noted above, the Firm is seeking approval and payment of any fees incurred by the Firm from the Debtor's estate pursuant to 11 U.S.C. § 330, after notice and the filing of a fee application.

27. The Firm is not and was not an investment banker for any outstanding security of the Debtor. The Firm has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

28. Neither the Firm nor any member of the Firm is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

29. The Debtor believes that its employment of the Firm upon the terms and conditions set forth above is in the best interest of the Debtor's estate.

30. For disclosure purposes only, during the ninety (90) days prior to the Petition Date, the Debtor made the following payments to the Firm, which payments were for preparation of the Debtor's 2018/2019 fiscal year ended tax returns: $3,125.00 on or about August 15, 2018, $3,125 on or about September 19, 2018, and $4,500 on or about October 17, 2018. Such payments were made in the ordinary course of business, according to usual business terms negotiated between the Debtor and the Firm.

## VI.

## LEGAL AUTHORITY

Bankruptcy Code section 327 provides, in relevant part:

**(a)** Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

...

**(c)** In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

## VII.

## CONCLUSION

For the reasons stated above, the Debtor respectfully requests entry of an order authorizing the employment of Macias, Gini & O'Connell, LLP on the terms set forth herein; that the employment of Macias, Gini & O'Connell, LLP be effective as of the Petition Date; and for such other and further relief as is just and proper. A Proposed Order is attached hereto as <u>Exhibit 3</u>.

Dated as of this 31st day of October, 2018.

        CLARK HILL, PLLC

        /s/ Candace C. Carlyon

        CANDACE C. CARLYON, ESQ.
        Nevada Bar No. 2666
        TRACY M. O'STEEN, ESQ.
        Nevada Bar No. 10949
        3800 Howard Hughes Parkway, Suite 500
        Las Vegas, NV 89169

        *[Proposed] Counsel for Debtor in Possession*

# EXHIBIT 1

# EXHIBIT 1



June 15, 2018

Juliet Churchill
Chief Financial Officer
Credit Management Association
111 N. Maryland Ave., Suite 300
Glendale CA, 91206

Re:   Credit Management Association (CMA)
      Credit Executives Educational Foundation (CEEF)
      CMA Real Estate (CMARE)

Dear Ms. Churchill:

We would like to take this opportunity to let you know that we appreciate the continuing confidence you are placing in our firm to handle your tax needs. Our firm is committed to delivering quality service and solutions in order to maintain the confidence you have placed in us. We would also like to encourage you to check out our web site at www.mgocpa.com, where you can find valuable information to help you better understand and manage your tax situation. In order to ensure an understanding of our mutual responsibilities, we ask all clients for whom returns are prepared to confirm the following arrangements.

### Scope of Engagement

We will prepare the federal and California income tax returns for the entities and periods listed below:

CMA - FYE 04/30/2018
CEEF - FYE 04/30/2018 and Short Year Ended 06/30/2018 (final)
CMARE - FYE 04/30/2018 and Short Year Ended 05/22/2018 (final)

We will not prepare any tax returns except those identified above without your authorization to do so. We will prepare your tax returns based on information and representations that you provide to us. We will not audit or otherwise verify the data you submit to us, although we may ask you to clarify some of the information. We will prepare the tax returns solely for filing with the Internal Revenue Service ("IRS") and state authorities. They are not intended to benefit or influence any third party, either to obtain credit or for any other purpose. You agree to indemnify and hold our firm harmless with respect to any and all claims arising from the use of the tax returns for any purpose other than filing, including the negligence of any party.

### Client Responsibilities

#### General
We will provide you with a listing of items (i.e., a PBC list) to help you gather and document the information we will ultimately need to prepare your income tax returns. It is your responsibility to provide all the information required for the preparation of complete and accurate returns including all worldwide income. You should retain all the documents, canceled checks and other data that form the basis of income and deductions. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority. You have the final responsibility for the income tax returns and associated penalties; therefore, you should review the returns carefully before you sign them.

#### Filing Obligations
You are responsible for determining your state, local, or foreign (i.e., outside the USA) tax filing obligations with any state, local or foreign tax authorities, including, but not limited to income, franchise, sales, use, or property taxes. You

agree that we have no responsibility to research these obligations or to inform you of them. You also agree to advise us of all reportable transactions (i.e., strategies, tax shelters, listed transactions, etc.) that you have entered into.

### *Foreign Accounts*

As part of your filing obligations, you are required to report the maximum value of specified foreign financial assets, which include financial accounts with foreign institutions and certain other foreign non-account investment assets that exceed certain thresholds. You are responsible for informing us of all foreign assets, so we may properly advise you regarding your filing obligations.

These assets include any ownership interests you directly or indirectly hold in businesses located in a foreign country, and any assets or financial accounts located in a foreign country over which you have signatory authority. Based upon the information you provide, this information will be used to calculate any applicable foreign tax credits. We will also use this data to inform you of any additional filing requirements, which may include FinCEN Form 114, Report of Foreign Bank and Financial Accounts ("FBAR") and Form 8938 ("FATCA"). Failure to file required forms can result in the imposition of both civil and criminal penalties, which may be significant.

### *Due Dates*

It is our current expectation that the due dates for the returns will be extended. In that event, we will consult with you regarding tax payments (if any) and extension requests that are required to extend the due date of your tax returns. If an extension of the time is required, any tax due with this return must be paid with that extension. Any amounts not paid by the filing deadline may be subject to interest and late payment penalties.

### *Privileged Communication*

Certain communications involving tax advice between you and our Firm may be privileged and not subject to disclosure to the IRS. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you may be waiving this privilege. To protect your rights, please consult with us or with your attorney prior to disclosing any information about our tax advice or if you have questions about confidentiality. Generally, confidentiality extends to tax advice we provide you but not to information used by us in preparing your return or in IRS criminal investigations. If you believe that you have criminal liability or if you have been notified that you are under a criminal investigation, please contact an attorney. We can still assist you in preparing your returns, but how we do so may change.

### *Transaction Recording and Safeguarding of Assets*

You are responsible for the proper recording of transactions in the books of accounts, for the safeguarding of assets, and for the substantial accuracy of the financial records. You have the final responsibility for the income tax returns and, therefore, you should review them carefully before you sign them. The tax laws provide for various penalties that may be imposed on an entity that substantially understates its tax liability.

### *Management Decisions and Functions*

You are also responsible for making all management decisions and performing all management functions; for designating an individual with suitable skill, knowledge, or experience to oversee the tax services we provide; and for evaluating the adequacy and results of the services performed and accepting responsibility for such services.

### *MGO LLP Responsibilities*

We will use our judgment to resolve questions in your favor where a tax law is unclear if there is a reasonable justification for doing so. Whenever we are aware that a possible applicable tax law is unclear or that there are conflicting interpretations of the law by authorities (e.g., tax agencies and courts), we will explain the possible positions that may be taken on your return. We will follow whatever position you request, so long as it is consistent with the codes and regulations and interpretations that have been promulgated. If the IRS should later contest the position taken, there may be an assessment of additional tax plus interest and penalties. We assume no liability for any such additional penalties or assessments.

We may deem it necessary to provide you with accounting and bookkeeping assistance solely for the purpose of preparing the income tax returns. We will request your approval before rendering these additional services. We have not been engaged to and will not prepare financial statements. Our engagement does not include any procedures designed to discover fraud, theft, or other irregularities, should any exist. If we discover information that affects your prior year tax returns, we will make you aware of the facts. However, we cannot be responsible for identifying all items that may affect prior year returns. If you become aware of such information during the year, please contact us to discuss the best resolution.

Our engagement does not include tax planning services. During the course of preparing the tax returns identified above, we may bring to your attention potential tax savings strategies for you to consider as a possible means of reducing your taxes in subsequent tax years. However, we have no responsibility to do so, and will take no action with respect to such recommendations, as the responsibility for implementation remains with you, the taxpayer. If you ask us to provide tax planning services, we will confirm this representation in a separate engagement letter.

This engagement does not include responding to inquiries by any governmental agency or tax authority. If your tax return is selected for examination or audit, you may request that we assist you in responding to such inquiry. In the event of an audit, you may be requested to produce documents, records, or other evidence to substantiate the items of income and deduction shown on a return. We are not responsible for the disallowance of doubtful deductions or inadequately supported documentation, nor for resulting taxes, penalties and interest. In the event of an audit, we would be pleased to discuss providing assistance to you under the terms of a separate engagement letter for that specific purpose. You agree that you will not and are not entitled to rely on any advice unless it is provided in writing.

It is our current policy to keep records related to this engagement for 7 years. However, we do not keep any of your original records, so we will return those to you upon the completion of the engagement. When records are returned to you, it is your responsibility to retain and protect the records for possible future use, including potential examination by governmental or regulatory agencies.

Certain nonpublic information about you may be disclosed to provide information to affiliates of the firm and nonaffiliated third parties who perform services or functions for us in conjunction with our services to you. However, we will only make such a disclosure if we have a contractual agreement with the other party which prohibits them from disclosing or using the information other than for the purposes for which it was disclosed.

### *Penalties and Interest Charges*

Federal, state, and local taxing authorities impose various penalties and interest charges for non-compliance with tax law, including, for example, failure to file or late filing of returns, and underpayment of taxes. You, as the taxpayer, remain responsible for the payment of all taxes, penalties, and interest charges imposed by the taxing authorities.

### *Fees and Billings*

Fees for preparation of the returns identified about will be fixed at $17,000.00. Such fees will be billed and will be payable as follows:

06/01/2018 - $3,125.00
07/01/2018 - $3,125.00
08/01/2018 - $3,125.00
09/01/2018 - $3,125.00
10/01/2018 - $4,500.00

All invoices are due and payable upon presentation. A finance charge of 1.5% per month will be added to any invoice that is outstanding after 45 days from the invoice date. You are responsible for reasonable collection costs including attorney fees incurred by MGO, LLP resulting from nonpayment. We may bill you on an interim basis prior to completion of this engagement. Work may be suspended if your account becomes overdue and will not be resumed until your account is paid in full.

*Termination and Other Terms*

We have the right to withdraw from this engagement, at our discretion, if you don't provide us with any information we request in a timely manner, refuse to cooperate with our reasonable requests or misrepresent any facts. If we elect to terminate our services for nonpayment, our engagement will have been deemed completed upon written notification of such termination. Our withdrawal will release us from any obligation to complete your return and will constitute completion of our engagement. You agree to compensate us for our time and out-of-pocket expenses through the date of our withdrawal.

In connection with this engagement, we may communicate with you or others via email transmission. As emails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant that emails from us will be properly delivered and read only by the addressee. Therefore, we specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure of emails transmitted by us in connection with the performance of this engagement. In that regard, you agree that we shall have no liability for any loss or damage to any person or entity resulting from the use of email transmissions, including any consequential, incidental, direct, indirect, or special damages, such as loss of revenues or anticipated profits or disclosure or communication of confidential or proprietary information.

We may need to view your tax information from the Franchise Tax Board website. By signing this agreement, you authorize us to access your MyFTB account. If the tax preparation services and terms outlined above are in accordance with your understanding of our engagement, please sign this letter in the space provided below and return it to our office. In the event you do not return a signed copy of this letter but do provide us with the information to prepare you income tax returns, it is understood that you are in agreement with the terms of this tax engagement letter. We appreciate this opportunity to serve you. If you have any questions or need any additional information, please do not hesitate to call.

Sincerely,

*Macias Gini & O'Connell LLP*

Macias Gini and O'Connell LLP

We have submitted this information for the sole purpose of preparing our tax returns. Each item can be substantiated by receipts, canceled checks or other documents. This information is true, correct and complete to the best of our knowledge. The terms described in this letter are acceptable and are hereby agreed to.

AGREED AND ACCEPTED:

_____    6-19-2018
Officer's Signature                Date

JULIET CHURCHILL, C.F.O.
Please Print Signer's Name & Title

Page 4 of 4

# EXHIBIT 2

# EXHIBIT 2

## Kenneth L. Goldman, CPA, CGMA

kgoldman@mgocpa.com
**310.746.2145**



Ken is an assurance partner and Chairman of the Board at MGO. With more than 40 years as a Certified Public Accountant, he has extensive expertise leading large-scale accounting, auditing, and outsourcing engagements for clients in the entertainment, media, not-for-profit, and commercial space. In addition to Ken's client service responsibilities, he is also Chairman of MGO's Executive Committee, and assists with MGO's governance matters.

Ken combines a strong background in accounting and auditing with deep experience in taxation to help clients find efficiencies, navigate the complex tax landscape, and improve the bottom line.

Throughout Ken's career, from his first job as an entry-level accountant to assuming the leadership role as Chairman of the Board at MGO, he has worked toward one fundamental goal: provide the finest possible service to clients.

### Industries and Focus

Ken's client service practice focuses on businesses in MGO's Entertainment, Sports & Media segment, as well as accounting and taxation for privately held business entities and not-for-profit organizations.

### Education and Affiliations

Ken received his Bachelor of Science degree with a Business Administration and Accounting major at California State University, Northridge.

He is a member of the American Institute of Certified Public Accountants and a life-member of the California Society of Certified Public Accountants.

Ken is currently President of the Cal South Soccer Foundation. He is a past Treasurer of California State Soccer Association – South, and is their 2017 Hall of Fame honoree. Ken serves on the Board of Advisors of *The Executives*, a support group for the Los Angeles Jewish Home for the Aging. He is also a past President of the Professions and Finance Associates, a support group for the City of Hope.

# EXHIBIT 3

EXHIBIT 3

CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
CLARK HILL PLLC
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone:    (702) 862-8300
Facsimile:    (702) 862-8400
CCarlyon@ClarkHill.com
TOSteen@ClarkHill.com

*[Proposed] Counsel for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CREDIT MANAGEMENT ASSOCIATION, INC. | Case No. BK-18-16487-MKN<br>Chapter 11<br><br>Hearing Date: December 5, 2018<br>Hearing Time: 9:30 a.m. |

**ORDER GRANTING MOTION TO APPROVE EMPLOYMENT OF MACIAS, GINI & O'CONNELL, LLP AS ACCOUNTING PROFESSIONALS FOR DEBTOR**

The Court having read and reviewed the *Motion to Approve the Employment of Macias, Gini & O'Connell, LLP as Accounting Professionals for Debtor* (the "Motion"), *Declaration of Kenneth L, Goldman, CPA, CGMA in Support of the Motion to Approve the Employment of Macias, Gini & O'Connell, LLP as Accounting Professionals for Debtor* (the "Goldman Declaration"), and the *Omnibus Declaration of Kimberly Lamberty in Support of First Day Motions* (the "Lamberty

Declaration"), both filed in support of the Motion; and the Motion having come on for hearing at the above date and time; with all appearances noted on the record at the time of the hearing; and upon considering the Motion, supporting declarations, and the argument of counsel, and upon the oral findings entered upon the record in open court; and good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is GRANTED pursuant to Bankruptcy Code §327(a); and Macias, Gini & O'Connell, LLP is authorized to represent the Debtor pursuant to the terms and conditions stated in the Application, effective as of the Petition Date of October 31, 2018.

Submitted by:

CLARK HILL, PLC


By: _____
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169

*[Proposed] Counsel for Debtor,*

2